WALTER KIEL, PLAINTIFF-RESPONDENT, v. BILL WILLIAMS AUTO SALES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 31, 1952—Decided April 18, 1952.

Before Judges McGeehan, Jayne, and Goldmann.

*Mr. James A. McTague* argued the cause for appellant.

*Mr. Robert C. Gruhin* argued the cause for respondent (*Mr. Morris Edelstein,* attorney).

The opinion of the court was delivered by

Jayne, J. A. D. The transaction on April 12, 1950, in which the defendant sold to the plaintiff a 1937 model Oldsmobile for the sum of $250 was productive of litigation. It originated by the institution on May 10, 1950, of an action by the plaintiff against the defendant in the Hudson County District Court which terminated in the granting of a voluntary dismissal without prejudice.

On January 31, 1951, the present action of a substantially similar nature was instituted by the plaintiff against the defendant in the same court and on March 15, 1951, according to the docket entry it was "dismissed on motion of plaintiff's attorney."

On July 11, 1951, notice was served upon the attorney of the defendant of an application for an order to restore the action "on the trial calendar on the grounds that the defendant failed to carry out his agreement." The court ordered the action "restored to the regular trial calendar as of September 12, 1951." Next came an application on behalf of the defendant for an order vacating the last mentioned order of restoration which was heard on September 20, 1951, and denied by an order filed on September 27, 1951.

The action was tried before the court with a jury on November 1, 1951, and resulted in a verdict and consequent judgment in favor of the plaintiff against the defendant in the sum of $250 and costs.

The defendant's present appeal challenges the propriety of (1) the order restoring the action to the calendar of pending cases; (2) the denial of the application to set aside that order; (3) the admission of certain parol evidence; and

(4) the denial of the motion for an involuntary dismissal of the plaintiff's alleged cause of action at the conclusion of the introduction of the evidence.

At the time of the voluntary dismissal of this action by the plaintiff on March 15, 1951, the plaintiff had previously dismissed voluntarily an action "based on or including the same claim" arising out of the same transaction. Were this an endeavor on the part of the plaintiff to prosecute a third action against the same defendant upon the same claim, we might conclude that the voluntary dismissal of this, the second action, operated as a bar prohibiting the plaintiff from the reinstitution and prosecution of another action upon the same claim. *Rule* 3:41–1, *a.* *Vide, Mayflower Industries v. Thor Corp.,* 15 *N. J. Super.* 139, 161 (*Ch. Div.* 1951); *Kelleher v. Lozzi,* 7 *N. J.* 17, 26 (1951).

Here it is significant to observe that the judgment of dismissal was reopened and annulled, for such we infer was the intention of the court in restoring the action on the calendar for trial.

█ The first and second grounds of appeal are interrelated and are addressed to the action of the trial judge in reopening the judgment of dismissal. We must remind counsel of our positive inability to determine the legal or factual propriety of a ruling or interlocutory order or, indeed, of a summary or final judgment in the absence in the record or agreed statement in lieu thereof of the basic and essential information upon which the decision sought to be reviewed was rendered.

The order of the court which is exhibited in the appellant's appendix recites "that the above entitled cause be restored to the calendar *for good cause shown* * * *" The notice of the motion similarly placed before us indicated that the application was to be made "on the grounds that the defendant failed to carry out his agreement." No information has been authentically supplied to impart to us any knowledge of the agreement which the defendant failed to carry out or of the good cause shown.

Assuredly, alleged errors of a trial court cannot be judicially considered on appeal unless they are manifested by the record or statement in lieu thereof; otherwise the appellate court would indulge in mere conjectures notwithstanding every presumption is in favor of the regularity of judicial proceedings, once jurisdiction has attached.

Since the basic considerations or lack thereof upon which the court acted are permitted to remain in the shadows of obscurity, we would be inclined to surmise in the direction of the presumption that the judgment of dismissal was vacated for some reason comprehended by *Rule* 3:60–2; *Rule* 7:10–2.

Some brief precursory explanation should introduce the discussion of the next ground of appeal. The complaint is composed of two counts, the first of which alleges that the defendant warranted the automobile "to be in good mechanical and serviceable order" in "all of its parts, mechanism and motor whereas the said automobile was not in good running order, its parts, mechanism and motor defective, so that the plaintiff herein was unable to use" it and that in consequence the plaintiff offered to return the vehicle to the defendant and demanded of him the purchase price of $250, to which proposal the defendant refused to accede. The second count alleges that the representations of the defendant were false and were fraudulently made wherefore the plaintiff demanded $750 punitive damages. The second count was dismissed by the court.

At the trial it was evident that the plaintiff had subscribed his signature to a printed memorandum pertaining to the sale which contained the following stipulation: "It is further understood that this car is not guaranteed unless otherwise stated in writing on the Bill of Sale."

The following excerpts from the transcript of the testimony on file disclose the portions of the testimony of the plaintiff which the defendant insists were erroneously admitted:

"Q. Will you tell us whether or not you were presented with any contracts to sign at the time you made the purchase of this automobile? A. They were not presented to me personally, no.

\*     \*     \*     \*     \*     \*     \*     \*

Q. Did they tell you that what you were signing was something to get your license plates for?

The Witness: Yes.

\*     \*     \*     \*     \*     \*     \*     \*

Q. Tell the Court how you signed that paper, whether it was a contract or whatever it was.

\*     \*     \*     \*     \*     \*     \*     \*

The Witness: They stuck it out of the window with a card on top of it. They said to sign this. · 'We will get your plates for you tomorrow.' So I signed it. They said that was all and I left with my wife.

The Court: You never looked at it?

The Witness: No.

The Court: That is the yellow paper you signed?

The Witness: Yes."

This evidence was not offered to establish fraud in the inducement to the contract but to show a misrepresentation of the purport of the memorandum which the representative of the defendant requested the plaintiff to sign. It was admissible for that purpose. *Alexander v. Brogley,* 63 *N. J. L.* 307 (*E. & A.* 1899); *Dunston Litho. Co. v. Borgo,* 84 *N. J. L.* 623 (*E. & A.* 1913); *McDonald v. Central R. R. Co.,* 89 *N. J. L.* 251 (*E. & A.* 1916); *Marsella v. Bloch,* 101 *N. J. L.* 115 (*E. & A.* 1925); *Davis v. Magee,* 128 *N. J. L.* 137 (*Sup. Ct.* 1942); *Peter W. Kero, Inc., v. Terminal Construction Corp.,* 6 *N. J.* 361 (1951); 12 *Am. Jur.* 637, *sec.* 145.

Although the testimony thus introduced was manifestly frail, it generated an issue appropriately to be submitted to the jury with instructions concerning the applicable principles of law. *Cf. Fagan v. Central Railroad Co.,* 94 *N. J. L.* 454, 459 (*E. & A.* 1920). No objections were made to the charge.

Judgment affirmed.